UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT HOEFERT,

    Petitioner,

-vs-                                                      Case No.  8:07-CV-1468 -T-30MAP

SECRETARY, FLORIDA DEPT.
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

    This cause is before the Court on Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (hereinafter "petition") (Dkt. 1). Petitioner challenges his 1990 conviction for second-degree murder entered by the Sixth Judicial Circuit Court, Pinellas County, Florida (Dkt. 1). Respondent filed a motion to dismiss the petition as time-barred which is supported by numerous exhibits (Dkt. 15). Petitioner has filed an amended response to the Respondent's motion to dismiss (Dkt. 19).

    The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a limitations period for petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A).

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

On June 21, 1990, Petitioner was convicted of first degree murder, and on September 7, 1990, Petitioner was sentenced to death (Dkt. 17, Ex. 1). Petitioner appealed his conviction and sentence, and the Florida Supreme Court reversed the first degree murder conviction, vacated the death sentence, and remanded the case with instructions to enter a conviction for second degree murder and sentence Petitioner accordingly (Dkt. 17, Ex. 2); *see Hoefert v. State*, 617 So. 2d 1046 (Fla. 1993). On August 27, 1993, the trial court adjudicated Petitioner guilty of second degree murder and sentenced him to life in prison (Dkt. 17, Ex. 3). The appellate court affirmed Petitioner's conviction and sentence on March 18, 1994 (Id.); *see Hoefert v. State*, 637 So. 2d 245 (Fla. 2d DCA 1994)[table].

It is clear that Petitioner's conviction became final prior to the effective date of the AEDPA. Thus, the one-year statute of limitations promulgated by the AEDPA commenced on its effective date, April 24, 1996, and Petitioner had one year from that date, or until April 24, 1997, within which to file a timely federal habeas petition in this Court. *See Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999); *Wilcox v. Dep't of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998). The Court applies the statute to habeas corpus petitions filed after April 24, 1997. *See Wilcox, supra*. Since Petitioner signed his petition in 2007, the statute applies to his petition.

On September 15, 1995, Petitioner filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. Rule 3.850 (Dkt. 17, Ex. 4). The state court entered its final order denying the motion on March 3, 1997 (Id.), and the appellate court affirmed (Id.); *see Hoefert v. State*, 728 So. 2d 218 (Fla. 2d DCA 1998)[table]. The appellate court's mandate issued on January 12, 1999 (Id.).

While Petitioner's appeal of the denial of his 3.850 motion was still pending, Petitioner filed his Petition for Writ of Habeas Corpus in the Second District Court of Appeal for Florida on December 29, 1998 (Dkt. 17, Ex. 5). On June 30, 1999, the Second District Court of Appeal denied the state habeas petition (Id.); *see Hoefert v. State*, 737 So. 2d 1088 (Fla. 2d DCA 1999)[table].

Thirty days of the one year limitation period expired when Petitioner filed his second Rule 3.850 post-conviction motion on July 30, 1999 (Dkt. 17, Ex. 6). On November 26, 2001, the state court denied Petitioner's second post-conviction motion (Id.). The appellate court per curium affirmed the denial of the second post-conviction motion on May 24, 2002 (Id.); *see Hoefert v. State*, 827 So. 2d 991 (Fla. 2d DCA 2002)[table]. The appellate court's mandate issued on September 13, 2002 (Id.). Accordingly, Petitioner had until August 14, 2003, to file a federal habeas petition, absent further collateral state court activity.

During the pendency of his appeal from the denial of his second Rule 3.850 post-conviction relief, Petitioner filed his Petition to Invoke All Writs Jurisdiction in the Florida Supreme Court on April 29, 2002 (Dkt. 17, Ex. 7). Subsequently, Petitioner filed an

3

Amended Petition to Invoke All Writs Jurisdiction on July 10, 2002 (Id.). On February 21, 2005, the Florida Supreme Court issued an order transferring the action to the circuit court, and in that order stated:

> Petitioner's Motion to Amend/Supplement is hereby granted, and his Amended Petition to Invoke All Writs Jurisdiction is hereby transferred to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida (Case No. 89-19107), for consideration as a motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 based on, among other things, newly discovered evidence. The transfer of this case should not be construed as an adjudication on the merits of the petition, nor as a determination that the transferee court has jurisdiction. The transferee court should not interpret the transfer of the case as an indication that it must or should reach the merits of the petition. The transferee court shall treat the petition as if it had been originally filed there on the date it was filed in this Court. Any determination concerning whether a filing fee shall be applicable in this case shall be made by the transferee court. Any and all pending motions in this case are hereby deferred to the transferee court.

(Id.).[1]

On April 21, 2005, the circuit court denied Petitioner's (third) Rule 3.850 motion for post-conviction relief (Id.). The circuit court determined that Petitioner's newly discovered evidence claim was procedurally barred because Petitioner raised the same claim in his previous Rule 3.850 motion, and Petitioner did not assert any additional newly discovered

---

[1] *See* art. V, § 2(a), Fla. Const. (requiring that no cause shall be dismissed because an improper remedy has been sought and requiring the supreme court to implement rules to transfer matters filed in the wrong court); *see also* Fla. R. App. P. 9.040(b)(1) ("If a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court."); Fla. R. App. P. 9.040(c) ("If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy.").

evidence, and the remaining claims were either untimely or not cognizable in a Rule 3.850 motion and did not satisfy any of the exceptions to Rule 3.850's time limitation (Id.). The appellate court per curiam affirmed the denial of Petitioner's (third) Rule 3.850 motion on January 18, 2006 (Id.); *see Hoefert v. State*, 919 So. 2d 445 (Fla. 2d DCA 2006). The appellate court's mandate issued on February 8, 2006 (Id.).

Subsection (2) of § 2244(d) provides that the "time during which *a properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." (emphasis added). The issue in this case is whether Petitioner's Petition to Invoke All Writs Jurisdiction filed in the Florida Supreme Court on April 29, 2002, treated by the state courts as a Rule 3.850 post-conviction motion filed in the circuit court on that date, was "a properly filed application for State post-conviction or other collateral review."[2] The Court finds that it was not.

Fla. R. Civ. P., Rule 3.850 states in relevant part:

---

[2] Respondent asserts that the Florida Supreme Court did not have jurisdiction to consider Petitioner's Petition to Invoke All Writs Jurisdiction, and therefore the petition did not toll the limitations period because a post-conviction filing that is filed in a court that lacks subject matter jurisdiction does not toll the limitations period. *See Estes v. Chapman*, 382 F.3d 1237, 1239 (11th Cir. 2004)(a motion is not properly filed "when a motion is filed in a court that lacks jurisdiction to hear it"). Article V, § 3(b)(7), Fla. Constitution authorizes the Florida Supreme Court to entertain petitions seeking all writs relief. *Williams v. State*, 913 So. 2d 541, 542 (Fla. 2005). However, the Florida Supreme Court's jurisdiction does not include cases in which it has vacated both the conviction and sentence of death and remanded for a new trial. *See, State v. Fourth Dist. Ct. Of Appeal*, 697 So. 2d 70, 71 (Fla. 1997). Therefore, it appears Respondent is correct that the Florida Supreme Court would not have had jurisdiction to consider Petitioner's Petition to Invoke All Writs Jurisdiction as both Petitioner's conviction and sentence were overturned, and the case was remanded to enter a second-degree murder conviction. Here, however, the Florida Supreme Court's order treating Petitioner's Petition to Invoke All Writs Jurisdiction as a Rule 3.850 post-conviction motion and transferring the motion to the circuit court "is akin to a ruling that [the petition] filed in the supreme court...was brought pursuant to the wrong vehicle rather than a jurisdictional determination." *See, Wilson v. Crosby*, 2006 U.S. Dist. LEXIS 97351 (N.D. Fla. July 20, 2006). Accordingly, the state courts treated Petitioner's Petition to Invoke All Writs Jurisdiction as a Rule 3.850 motion filed in the circuit court on April 29, 2002.

> (b) Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case or more than 1 year after the judgment and sentence become final in a capital case in which a death sentence has been imposed unless it alleges that
>
>> (1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence . . . .

Fla. R. Crim. P. 3.850(b).

The state trial court denied Petitioner's third Rule 3.850 motion and stated "[Petitioner's] other claims raised in this motion are either untimely or not cognizable pursuant to Fla. R. Crim. P. 3.850. Said claims do not otherwise satisfy any of the exceptions to the time limitation stated in subsection (b) of the Rule." (Dkt. 17, Ex. 7).[3] The state trial court recognized that Petitioner attempted to allege a "newly discovered evidence claim." (Id.). The state trial court, however, found that the claim was "procedurally barred" because Petitioner had raised the claim in a previous post-conviction motion, and that Petitioner had "not asserted any additional newly discovered evidence to support his claim..." (Id.). The state appellate court affirmed without opinion (Id.).

A petition filed after a time limit, and which does not fit within any exceptions to that limit, is not properly filed. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for

---

[3]Petitioner filed his Petition to Invoke All Writs Jurisdiction, construed as a 3.850 motion on April 29, 2002 (Dkt. 17, Ex. 7), well beyond two years after his judgment and sentence became final on March 18, 1994.

6

purposes of § 2244(d)(2)." *Id.*, 544 U.S. at 414 (quotation omitted). Regarding Petitioner's third Rule 3.850 motion, the state trial court rejected Petitioner's claim that he had newly discovered evidence and dismissed the claims because they did not "satisfy any of the exceptions to the time limitation stated in subsection (b) of [Rule 3.850]." Essentially, "the state courts determined that [Petitioner's] motion was 'filed after a time limit' and '[did] not fit within any exceptions to that limit.'" *Sykosky v. Crosby*, 187 Fed. Appx. 953, 958 (11th Cir. 2006)(unpublished opinion)(quoting *Pace*, 544 U.S. at 413). Therefore, the Court must "defer to the determination of the state courts, and 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Id.*, *quoting Pace*, 544 U.S. at 414.

Because Petitioner's Petition to Invoke All Writs Jurisdiction/third Rule 3.850 motion was not properly filed, it did not toll the one year limitation period. Accordingly, Petitioner was required to file his federal habeas petition on or before August 14, 2003.[4] He did not file his federal habeas petition until August 15, 2007 (Dkt. 1 at 35). Accordingly, his petition is time-barred.

Moreover, Petitioner has not argued that he is entitled to equitable tolling and not demonstrated any exceptional circumstances that would entitle him to equitable tolling. 28 U.S.C. § 2244(d) permits equitable tolling when a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence. *Steed v. Head*, 219 F.3d 1298 (11th Cir. 2000); *Sandvik v. United States*, 177 F.3d 1269,

---

[4]The motions Petitioner filed in state court after August 14, 2003, had no tolling effect because his AEDPA limitations period had already expired. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000).

1271 (11 th Cir. 1999). Because it is "an extraordinary remedy," *Steed*, 219 F.3d at 1300, equitable tolling has been permitted by federal courts "only sparingly." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The burden of establishing entitlement to this extraordinary remedy rests with the petitioner. *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002).

ACCORDINGLY, the Court **ORDERS** that:

1. Respondent's Motion to Dismiss (Dkt. 15) is **GRANTED**, and Petitioner's petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** as time-barred.

2. The Clerk is directed to enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 28, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copy to:
Petitioner *pro se*
Counsel of Record